

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 11, 2019

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Lamont Evans et al.,*
                No. 17 Cr. 684 (ER)

Dear Judge Ramos:

      The Government writes in response to defendant Merl Code's letter dated February 8, 2019, which seeks a five-month adjournment of the trial against defendants Code and Christian Dawkins to September 2019. (Def. Ltr. at 3). As explained below, the Government opposes the adjournment request.

      Defendants Code and Dawkins along with three other defendants were indicted approximately sixteen months ago, and at the first pre-trial conference before this Court, on February 15, 2018, after consulting all parties, including counsel for defendant Code, this Court set a trial date of April 22, 2019. Approximately one week ago, on February 5, 2019, Mark Moore, Esq., counsel for defendant Code, contacted the Government to request an adjournment based on a medical issue being experienced by Merl F. Code, Esq., who is defendant Code's father and his co-counsel. The Government explained it would oppose this adjournment request, because the medical issue could be accommodated without need to adjourn the trial. Code's instant motion followed.

      The Government opposes Code's request to adjourn the trial as unnecessary. The defendant's sole basis for his adjournment request is that Mr. Code "has difficulty sitting for longer than an hour at a time." (Def. Ltr. at 2).[1] However, there is no reason that this cannot be easily accommodated by the Court, by, for example, allowing frequent stretch breaks or just

---

[1] Moreover, the note submitted in support of the request seems to acknowledge that Mr. Code would have no difficulty handling a one-week trial, and while this trial will be unlikely to conclude in one week, now that only two defendants remain, the trial is likely to be considerably shorter than initially anticipated.

permitting Mr. Code to stand, as necessary. Indeed, it is not uncommon for jurors to express similar concerns and for judges in this District to permit the jury regular stretch breaks or to give them permission to stand as necessary. Additionally, Mr. Code will be ably assisted by at least two experienced co-counsel of record, which should help alleviate some of the burdens of daily trial work. Given those facts, a nearly five-month adjournment of the trial is simply not warranted.

Moreover, the suggestion in the instant motion that the Government will not suffer any prejudice by the requested adjournment is wrong. (Def. Ltr. at 2). As an initial matter, there is a strong public interest in this case proceeding to trial without further delay. *See Barker v. Wingo*, 407 U.S. 514, 519 (1972) (The "societal interest in providing a speedy trial ... exists separate from, and at times in opposition to, the interests of the accused."). The indictment was more than fifteen months ago, and defendants Code and Dawkins are the last of the defendants who were arrested on these charges. A speedy trial "serves the public interest by, among other things, avoiding extended pretrial delays, which may impair the deterrent effect of punishment." *United States v. Bert*, 814 F.3d 70, 83 (2d Cir. 2016) (citation omitted). Moreover, there is a "risk [of] loss of important evidence" if a trial is unduly delayed. *Id.* (citation omitted). "Certainly, the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied.' " *Id.* (citation omitted); *see United States v. Moreno*, 789 F.3d 72, 78 (2d Cir. 2015) (mentioning the "public's interest in a speedy adjudicative system" (citation omitted)). Ultimately, the defendant's right to a speedy trial is not so "unqualified and absolute that it must prevail over the demands of public justice." *United States v. Ghailani*, 733 F.3d 29, 42 (2d Cir. 2013) (citation omitted).[2]

Lastly, defendant Code requests a three-week adjournment of the date to file replies to the motions from February 19, 2019 to March 13, 2019. The Government objected to an adjournment of that lengthy duration, because it would lead to the briefs only being fully submitted approximately a month before trial. While the Government has previously been very accommodating of the defendant's schedule, consenting to significant extensions of the initial deadline to file motions until more than a year after the indictment was filed, the Government

---

[2] Defendant Code's suggestion that there is somehow no prejudice because the Government did not object to the movement of the trial before Judge Loretta A. Preska in *United States v. Person*, 17 Cr. 683 (LAP), is misplaced. The defendants did not make an adjournment request in that matter. Instead, the trial was adjourned because of the Court's availability.

respectfully submits that resolution of these issues in advance of trial is helpful to both parties, which the defendant's adjournment request makes more difficult.

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney

By:            /s/                        
                                        Robert L. Boone/Noah Solowiejczyk
                                        Eli J. Mark
                                        Assistant United States Attorneys
                                        (212) 637-2208/2473/2431

cc: Defense counsel (by ECF)