UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA, :
:
v. :
: Case No. 17-cr-00684-ER
MERL CODE, and :
CHRISTIAN DAWKINS, :
:
           Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO INTRODUCE EVIDENCE OF THEIR
AND THEIR ALLEGED CO-CONSPIRATORS' STATES OF MIND**

**NEXSEN PRUET LLC**
William W. Wilkins
Mark C. Moore
Andrew A. Mathias
55 E. Camperdown Way, Suite 400
Greenville, South Carolina 29601
(864) 370-2211

**OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.**
Merl F. Code
300 North Main Street
Greenville, South Carolina, 29601
(864) 271-1300

*Attorneys for Defendant Merl Code*

**HANEY LAW GROUP PLLC**
Steven A. Haney
3000 Town Center Drive, Suite 2570
Southfield, Michigan 48075
(248) 414-1470

*Attorneys for Defendant Christian Dawkins*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

LEGAL STANDARD ...............................................................................................................2

ARGUMENT..............................................................................................................................8

I.  DEFENDANTS' RECORDED STATEMENTS REFLECTING THEIR RESPECTIVE STATES OF MIND ARE HIGHLY RELEVANT TO THE CRUCIAL ISSUE IN THIS CASE, ARE EXCULPATORY, AND ARE ADMISSIBLE UNDER FRE 803(3). ..........8

CONCLUSION........................................................................................................................12

## TABLE OF AUTHORITIES

### Cases

*Crane v. Kentucky*, 476 U.S. 683, 690 S.Ct. 2142 (1986) ............................................................3

*Holmes v. South Carolina*, 547 U.S. 319, S.Ct. 1727 (2006)........................................................3

*Livingston v. Brown*, No. 07-CV-7172 KMK GAY, 2012 WL 4477550 (S.D.N.Y. Sept. 27, 2012)................................................................................................................................................2

*Smith v. Duncan*, 411 F.3d 340 (2d Cir. 2005)............................................................................3

*United States v. Anderson*, 747 F.3d 51 (2d Cir. 2014) ................................................................9

*United States v. Annabi*, 2012 WL 489111 (S.D.N.Y. Feb. 14, 2012) ..........................................9

*United States v. Brandt*, 196 F.2d 653 (2d Cir. 1952) ..................................................................9

*United States v. Cameron v. Cmty. Aid for Retarded Children*, 335 F.3d 60 (2d Cir. 2003)..........4

*United States v. Certified Envh. Services, Inc.*, 753 F.3d 72 (2d Cir. 2014) .................................2

*United States v. Detrich*, 865 F.2d 17 (2d Cir. 1988) ...................................................................6

*United States v. DiMaria*, 727 F.2d 265 (2d Cir. 1984).........................................................5, 10

*United States v. Gotti*, 457 F. Supp. 2d 395 (S.D.N.Y. 2006).......................................................8

*United States v. Harris*, 733 F.2d 994 (2d Cir. 1984)...............................................................6, 7

*United States v. Kohan*, 806 F.2d 18 (2d Cir. 1986)....................................................................8

*United States v. Scheffer*, 523 U.S. 303 (1998) ...........................................................................3

*United States v. Scully*, 877 F.3d 464 (2d Cir. 2017)...................................................................8

*United States v. Southland Corp.*, 760 F.2d 1366 (2d Cir. 1985).................................................4

### Statutes, Rules and Secondary Sources

2 McCormick on Evid. § 274 (7th ed.) ......................................................................................3, 8

Fed. R. Evid. 402 ............................................................................................................................2

Fed. R. Evid. 802 ....................................................................................................................2

Defendants Merl Code and Christian Dawkins (collectively "Defendants") respectfully submit this memorandum of law ("Memorandum") in support of their motion to introduce, in their case-in-chief, relevant and exculpatory evidence of their respective states of mind ("Motion"). Pretrial resolution of this matter supports judicial economy and will allow all parties to better prepare for trial.

## PRELIMINARY STATEMENT

To convict Defendants of these charges, the Government must prove that Defendants corruptly gave money, or conspired to give money, to college basketball coaches with the intent to influence those coaches in their official business. The Government bears the additional burden of proving that Defendants acted with an intent to fraudulently deprive the Universities[1] of the honest services of their basketball coaches. Defendants seek to admit evidence that proves otherwise.[2]

Defendants seek to introduce a number of recorded telephone conversations, text messages, and emails that were gathered by the Federal Bureau of Investigation and that specifically refute Mr. Code and Mr. Dawkins' corrupt intent. *See*, *e.g.*, ████████████ ████████████████████████████████████████████████████ ███████ ████████████████████████████████████████ ████████████████████████████████ Defendants believe that each piece

---

[1] Throughout this Memorandum, "Universities" is a collective reference to the University of Arizona, the University of Southern California, the University of South Carolina, and Oklahoma State University.

[2] Defendants' proposed exhibits include less than an hour of audio recordings along with a small number of text messages.

[3] "UC-1" refers to Jeff D'Angelo, who is usually referred to as "Jeff" on the telephone calls.

of evidence discussed below is relevant to prove their respective states of mind and to disprove their criminal intent. Defendants further allege that each recording is admissible as "not hearsay" under FRE 802 and/or pursuant to the "state-of-mind" exception to hearsay under FRE 803(3). Defendants further contend that prohibiting the introduction of this exculpatory evidence would materially prejudice their due process right to present a complete defense.[4]

The Defendants have conferred on multiple occasions with the Government about Defendants' intent to introduce the evidence described herein during their case-in-chief. Defendants have sought a stipulation from the Government regarding the admissibility of this evidence to obviate the need for this Motion. The Government has refused to stipulate and Defendants advised the Government that they are now forced to file this Motion.

## LEGAL STANDARD

Unless otherwise prohibited, "[r]elevant evidence is admissible[.]" Fed. R. Evid. 402. The "definition of relevance under [Federal Rule of Evidence] 401 is very broad" and encompasses evidence that has "any tendency to make a material fact more or less probable than it would be otherwise." *United States v. Certified Envh. Services, Inc.*, 753 F.3d 72, 90 (2d Cir. 2014). The admissibility of exculpatory evidence has a constitutional dimension when offered by the accused, as the Constitution "guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes v. South Carolina*, 547 U.S. 319, 319, 126 S. Ct. 1727, 1728 (2006) (citing *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142 (1986); *but see United*

---

[4] "Application of evidentiary rules, including hearsay rules, resulting in the exclusion of exculpatory evidence can, under certain circumstances, violate a defendant's right to a meaningful opportunity to present a complete defense." *Livingston v. Brown*, No. 07-CV-7172 KMK GAY, 2012 WL 4477550, at *8 (S.D.N.Y. Sept. 27, 2012) (citing *Holmes*, 547 U.S. at 324–25 (noting that despite "broad latitude," state and federal rules for the exclusion of evidence may not infringe upon a defendant's right to present a complete defense)).

*States v. Scheffer*, 523 U.S. 303, 308 (1998) ("A defendant's right to present relevant evidence is not unlimited[.]").

Hearsay is generally inadmissible. Fed. R. Evid. 802. However, Federal Rule of Evidence 803(3) provides that statements of the declarant's then-existing state of mind are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness. The exception exists because there is often "no better way" to prove a relevant mental or physical condition "than through the statements of the individual whose condition is at issue." 2 McCormick on Evid. § 274 (7th ed.). Even cross-examination of an available declarant "is not likely to be a better, and perhaps an inferior, manner of proof." *Id.* Furthermore, to the extent that a declarant's out-of-court statements are offered not for the truth of the matter asserted, but to demonstrate the declarant's state of mind, those statements are not hearsay to begin with, and thus are not excludable under the hearsay rule. *See Smith v. Duncan*, 411 F.3d 340, 346 n.4 (2d Cir. 2005) ("Offering evidence under the state of mind *exception* to the hearsay rule is different than offering it for a non-hearsay purpose—here, to show declarant's state of mind. The *exception* to the hearsay rule is invoked when the statement is offered for the truth of the matter asserted *and* shows the declarant's state of mind . . . In contrast, 'the mere utterance of a statement, without regard to its truth, may indicate circumstantially the state of mind . . . of the declarant' and is not hearsay.") (citations omitted) (emphasis in original); *see also United States v. Cameron v. Cmty. Aid for Retarded Children*, 335 F.3d 60, 65, n2 (2d Cir. 2003) (Federal Rule of Evidence 801(c) allows for the admission of statements that are not being used to prove the truth of the matter asserted but rather are being used to establish the state of mind of a declarant). However, courts "have tended to lump together arguably hearsay statements asserting the declarant's state of mind with those arguably nonhearsay statements that tend to prove state of

mind circumstantially, applying a general exception to the hearsay rule and ignoring the possibility that many of these statements could be treated as nonhearsay." 2 McCormick on Evid. § 274 (7th ed.); *see also United States v. Southland Corp.*, 760 F.2d 1366, 1376 (2d Cir. 1985) ("When a declaration is admitted only to prove a relevant state of mind, it does not appear to matter . . . whether admissibility is predicated on the declaration not being hearsay because it was not offered to prove the truth of the matter asserted, FRE 801(c), or under the hearsay exception for declaration of states of mind, FRE 803(3).").

Regardless of whether admissibility is predicated upon Rule 803(3)'s exception to the hearsay rule, or upon the fact that the statement at issue is not offered for the truth of the matter asserted, the Second Circuit has recognized a defendant's ability to introduce out-of-court statements made by him, or made to him by third parties, that reflect his state of mind.

For example, in *United States v. DiMaria*, 727 F.2d 265 (2d Cir. 1984), defendant DiMaria was charged with, among other things, possession of cigarettes stolen while moving in interstate commerce and conspiracy to commit the same offence. *Id.* at 267. At trial, DiMaria attempted to elicit from a testifying FBI agent that, as the agents approached him to arrest him, DiMaria stated: "I thought you guys were just investigating white collar crime; what are you doing here? I only came here to get some cigarettes real cheap." *Id.* at 270. DiMaria contended that "real cheap" cigarettes meant bootleg cigarettes, rather than stolen ones, and that his statement to the arresting agents therefore tended to disprove the state of mind required for his conviction—*i.e.*, knowing possession of stolen cigarettes. *Id.* The trial court excluded the statement as hearsay and DiMaria was convicted. He thereafter appealed, arguing that the exclusion of this evidence constituted reversible error.

4

The Second Circuit agreed with DiMaria, explaining that from his statement to the arresting agents, "the jury could find[] that his existing state of mind was to possess bootleg cigarettes, not stolen cigarettes. It was not offered to prove that the cigarettes were not stolen cigarettes but only to show that DiMaria did not think they were." *DiMaria*, 727 F.2d at 271. The Court held that the exclusion of DiMaria's out-of-court statement constituted reversible error, noting: "we cannot but wonder why, if the statement was so insignificant as the Government now claims, the prosecutor was at such pains to have it excluded." *Id.* at 272; *see also United States v. Harris*, 733 F.2d 994, 1004 (2d Cir. 1984) (proffered testimony of defendant's parole officer and of his out-of-state attorney that defendant had told them during period of alleged conspiracy that the Government was trying to set him up and that informer had brought an agent to him, offered in support of defense theory that defendant knew that prospective buyer of heroin was an informant and played along with him out of fear of what would happen if he refused, was not hearsay and was admissible when offered, not for the truth of the declarations, but as circumstantial evidence of defendant's state of mind); *Duncan*, 411 F.3d at 346 n.4 (recording of defendant's 9-1-1 call following shooting would have been admissible to show his state of mind—*i.e.*, that he believed gang members were coming to attack him and that he thus acted in self-defense—but the argument was not raised at trial nor on appeal).

Similarly, the Second Circuit has recognized that a defendant may introduce the out-of-court statement of a purported co-conspirator where that statement demonstrates the defendant's state of mind and undercuts the existence of the alleged conspiracy. In *United States v. Detrich*, 865 F.2d 17 (2d Cir. 1988), defendant Detrich along with co-defendants Shah and Dawood Nusraty were charged with, among other things, conspiring to distribute and possess heroin. *Id.*

at 19. Detrich had accompanied Shah and others to Delhi, India, and when he was set to return to the United States, Shah had asked him to carry back a wedding suit for his brother Dawood, who Shah claimed was getting married a month later. *Id.* at 18. Detrich agreed, and stored the suit in his luggage. *Id.* When Detrich arrived at Kennedy Airport, he was apprehended by DEA officials, who searched his luggage and discovered heroin in the shoulder pads of the suit that Shah had given him. *Id.* at 19. Detrich explained that the suit was given to him by Shah and that he had not examined the suit, and he agreed to a controlled handoff of the suit to Dawood, after which both men were arrested. *Id.* While in custody, Dawood provided a written statement to DEA agents in which he wrote: "I am getting married in August and will live in Maryland." *Id.* Subsequently, after their trials were severed, Detrich attempted to offer this written statement into evidence to support his defense that he was unwittingly duped into transporting the heroin by Shah and Dawood, but the trial court excluded it as hearsay and precluded Detrich from cross-examining the DEA agent regarding Dawood's oral statements after his arrest. *Id.* Detrich was convicted, and appealed, arguing that the preclusion of this proffered evidence constituted reversible error. *Id.* at 20.

The Second Circuit agreed, and reversed Detrich's conviction. 865 F.2d at 22. The Court explained that Dawood's statement to the DEA regarding his upcoming marriage was not offered to prove the truth of the matter asserted, but rather, was offered as "circumstantial evidence of Detrich's mind." *Id.* at 21. The Court noted that "a jury could infer that [Detrich] had also been told that Dawood was getting married and therefore believed that Dawood was a prospective groom who needed the wedding suit in a few weeks," and that therefore, the statement could be used to establish that Detrich "thought he was doing the Nusratys an innocent favor"—*i.e.*, that he did not intend to smuggle heroin into the United States. *Id.* In so holding, the Court

6

explained that Dawood's statement was directly probative of the main issue in the case—whether Detrich knew the suit he was carrying contained heroin—and that it was not harmless error to exclude a statement "that would have supported the main theory of the defense." *Id*. (quoting *United States v. Harris*, 733 F.2d 994, 1005 (2d Cir. 1984) (quotation marks omitted)); *see also United States v. Scully*, 877 F.3d 464, 474-75 (2d Cir. 2017) (defendant's proffered testimony in support of his advice-of-counsel defense, regarding legal advice he had received from second attorney concerning legality of importing and reselling foreign versions of pharmaceutical drugs and medical devices approved by Food and Drug Administration, was admissible as non-hearsay circumstantial evidence of defendant's state of mind, which was not offered to prove the truth of second attorney's advice that defendant's activities were legal.); *United States v. Kohan*, 806 F.2d 18, 22 (2d Cir. 1986) (testimony regarding conversations between defendant and codefendant, in which codefendant stated that he had sold theatrical property, had loan proceeds, and was having difficulty getting repaid, and testimony that, when codefendant delivered checks to defendant, they discussed check's nature and what they intended to do with proceeds, was offered for fact that codefendant's statements were made and that defendant believed them to be true and thus was not hearsay, but was instead admissible as circumstantial evidence of defendant's state of mind); *United States v. Gotti*, 457 F. Supp. 2d 395 (S.D.N.Y. 2006) (recorded statements of defendant's associate, made during call with defendant, admissible to show defendant's state of mind).

**ARGUMENT**

I. **DEFENDANTS' RECORDED STATEMENTS REFLECTING THEIR RESPECTIVE STATES OF MIND ARE HIGHLY RELEVANT TO THE CRUCIAL ISSUE IN THIS CASE, ARE EXCULPATORY, AND ARE ADMISSIBLE UNDER FRE 803(3).**

As detailed above, Defendants' intent is directly at issue in this case. Where fraudulent intent may only be inferentially proven, "no events or actions which bear even remotely on its probability should be withdrawn from the jury unless the tangential and confusing elements interjected by such evidence clearly outweigh any relevancy it might have." *United States v. Brandt*, 196 F.2d 653, 657 (2d Cir. 1952). Similarly, intent to conspire with another to commit a crime often requires a jury to infer intent from circumstantial evidence. *See United States v. Anderson*, 747 F.3d 51 at 61-62 (2d Cir. 2014) (In conspiracy prosecutions "most evidence of intent is circumstantial.").

In addition, Defendants' proffered evidence contains sufficient indicia of reliability to justify their admission at trial. The proffered statements were made ***contemporaneously*** with the charged conduct and reflect Defendants' respective states of mind ***during*** the alleged criminal conspiracy. Moreover, the statements offered herein were made ***prior to*** Defendants gaining knowledge of this criminal investigation and are therefore immune to a charge that they were intentionally misleading or unreliable. *See United States v. Annabi*, 2012 WL 489111, at *2 (S.D.N.Y. Feb. 14, 2012) (denying introduction of defendant's "state of mind" statements as *ex post facto* justifications of conduct that had already occurred and because the declarants knew they were being criminally investigated).

Regarding Mr. Code, his defense to the Government's accusations in this case is that he did not have an intent to bribe coaches or to defraud the Universities out of the honest services of their basketball coaches. The Government does not allege that Mr. Code personally put money

into the hands of any collegiate basketball coach. Rather, the Government's theory of prosecution against Mr. Code relies exclusively on principles of inchoate responsibility such as conspiracy and accomplice liability. In either case, Mr. Code's "state of mind" is the principal matter for the jury to resolve and "no better way exists" to prove his intent than for the jury to evaluate the recorded telephone conversations discussed herein. 2 McCormick on Evid. § 274 (7th ed.).

Similarly, Mr. Dawkins argues that he did not form an intent to bribe college basketball coaches or to defraud any of the Universities. Several telephone calls and text messages referenced herein are probative of Mr. Dawkins' mental state, namely that he intended to tell UC-1 whatever was necessary to ensure UC-1 continued to fund Mr. Dawkins' company, Loyd Inc., all while actively obstructing UC-1's plan to bribe assistant basketball coaches.

In sum, Defendants' statements are not being offered to prove, as a factual matter, whether any coaches were bribed or any Universities were defrauded. Rather, as in *DiMaria*, 727 F.2d at 270-71, the following statements are being offered to disprove the state of mind required for a conviction:

1. 

2.

3. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    ▓▓

    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓

    ▓▓

    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    . . .

    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    ▓▓



███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████

███

███████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████

6. ███████████████████████████████████████████████
██████████████

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████

7. ██████████████████████████████████████████████████
██████████████

██████████████████████████████████████████████████
████████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████████

███

█████████████████████████████████████████████████
████████████████

8. █████████████████████████████████████████████████
████████████████████

█████████████████████████████████████████████████
████████████████████████████

9. ██████████████████████████████████████████████████
██████████████

█████████████████████████████████████

10. █████████████████████████████████████████████████
███████████████████

11. ███

### CONCLUSION

Based on the foregoing, Defendants respectfully request a pretrial ruling from this Court that the recorded telephone calls and text messages discussed herein are *relevant* under FRE 401 and are *admissible* either as "not hearsay" under FRE 802 or pursuant to the "state of mind" exception to hearsay under FRE 803(3). Defendants make this request pursuant to their right to due process and a fair trial under the Fifth and Sixth Amendments to the United States Constitution. If the Court desires to review the telephone calls referenced herein, Defendants can furnish the audio files to the Court.

[SIGNATURE PAGE FOLLOWS]

Dated: New York, New York
April 5, 2019

| | |
|---|---|
| **NEXSEN PRUET LLC** | **HANEY LAW GROUP PLLC** |
| s/ Mark C. Moore | s/ Steven A. Haney |
| William W. Wilkins | Steven A. Haney |
| Mark C. Moore | 3000 Town Center Drive, Suite 2570 |
| Andrew A. Mathias | Southfield, Michigan 48075 |
| 55 E. Camperdown Way, Suite 400 | (248) 414-1470 |
| Greenville, South Carolina 29601 | |
| (864) 370-2211 | *Attorneys for Defendant Christian Dawkins* |

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Merl F. Code
300 North Main Street
Greenville, South Carolina, 29601
(864) 271-1300

*Attorneys for Defendant Merl Code*