UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA            :

   -v.-                                          :        S1 17 Cr. 684 (ER)

CHRISTIAN DAWKINS, and
MERL CODE                                      :

                    Defendants.       :

------------------------------------------------------------x

# GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO INTRODUCE EVIDENCE OF THEIR AND THEIR ALLEGED CO-CONSPIRATORS'S STATES OF MIND

                                         GEOFFREY S. BERMAN
                                         United States Attorney
                                         Southern District of New York
                                         One St. Andrew's Plaza
                                         New York, New York 10007

Robert L. Boone
Noah Solowiejczyk
Eli J. Mark
Assistant United States Attorneys

- Of Counsel -

The Government respectfully submits this memorandum in opposition to defendants Christian Dawkins's and Merl Code's motion *in limine* for a pre-trial ruling that they may offer evidence in order to disprove the state of mind required for a conviction. (Dkt. 185). The defendants in a footnote state that the "proposed exhibits include less than an hour of audio recordings along with a small number of text messages." (Dkt. 185 at 1, fn. 2). In their preliminary statement, the defendants also mention that they are seeking to introduce emails as well. (*Id.* at 1) ("Defendants seek to introduce a number of recorded telephone conversations, text messages, and emails that were gathered by the Federal Bureau of Investigation"). The defendants, however, do not identify all of the proposed exhibits for the court's consideration. Although they list excerpts from eleven calls, they provide no text messages or emails in the body of their motion. Moreover, the defendants have not provided the Court with the telephone calls or the transcripts of those calls that they seek to introduce. Because evidentiary determinations about whether a particular statement falls under the "state of mind" exception to the hearsay rule are necessarily fact intensive and require a statement-by-statement analysis, the Court should not rule on the admissibility of any of the defendants' exhibits unless and until the defendants have provided such materials to the Court. The defendants' proffer of cherry-picked excerpts of the relevant telephone calls is simply inadequate. Accordingly, and for the reasons set forth in further detail below, the motion should be denied as premature.

## BACKGROUND

As described in the Superseding Indictment and in the Government's motion *in limine* (Dkt. 189), the defendants are charged with participating in a scheme to bribe men's college basketball coaches in connection with influencing student-athletes decisions' to retain athlete advisors. The evidence at trial will show that beginning in at least early 2016, defendant

Christian Dawkins was making bribe payments to Lamont Evans, an assistant men's basketball coach at the University of South Carolina, in order for Evans to influence and direct South Carolina student-athletes to sign with the sports agency that Dawkins worked for upon becoming professional athletes. In or about March 2016, Dawkins introduced Martin Blazer (identified as "CW-1" in the Indictment) – who unbeknownst to Dawkins was working at the direction of law enforcement – and Munish Sood to Evans, and encouraged Blazer and Sood to make bribe payments to Evans. In or about June 2017, Dawkins formed a new sports management company, with Munish Sood and "Jeff D'Angelo" – a financial backer, who unbeknownst to Dawkins, was an undercover law enforcement officer (D'Angelo is identified as "UC-1" in the Indictment). Around that time, Dawkins also recruited defendant Merl Code, to participate in the business, including to help introduce Dawkins's partners to college basketball coaches for purposes of ultimately bribing them. Code then selected coaches for Dawkins and his business partners to meet. For example, Code and Dawkins arranged for Dawkins and D'Angelo to meet with multiple coaches in Las Vegas in July 2017, and at certain of these meetings, they paid cash bribes to three college coaches, and met with several other coaches.

     The defendants' motion seeks to admit into evidence statements from telephone calls, text messages and emails as relevant and admissible as either "not hearsay" or under the "state of mind exception to hearsay under FRE 803(3)." (Dkt. 185 at 1, 12). This evidence, would be admissible, if at all, in the defense's case in chief. (*Id.* at 1). In their motion, the defendants identify 11 phone calls – which either Dawkins and/or Code participate in – and quote short statements purportedly from these calls on pages 9 to 11 of their motion; they do not identify any text messages and/or emails, despite stating that they seek to introduce them as well. For the calls they identified in the body of their motion, the defendants did not include the calls (or

transcripts of the calls) with their motion, but instead cherry-picked short statements from the calls that they want to offer, without providing the Court any additional context.[1]

## ARGUMENT

### I. IT IS PREMATURE TO DETERMINE THE ADMISSIBILITY OF THE DEFENDANTS' CHERRY-PICKED STATEMENTS FROM WIRETAPPED PHONE CALLS

A. Applicable Law

"Generally, a statement made by a person while not testifying at the current trial, offered by that person to prove the truth of the matter asserted in his statement, is hearsay." *United States v. Gupta*, 747 F.3d 111, 131 (2d Cir. 2014) (citing Fed. R. Evid. 801(a)-(c)). "Hearsay generally is inadmissible if it does not fall within an exception provided by Rule 803 or 804." *Id.* (citing Fed. R. Evid. 802).

"When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982). Federal Rule of Evidence 803, however, provides an exception for "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed . . . ." Fed. R. Evid.

---

[1] The Government also notes that the defendants' excerpts do not appear always to correspond to the control stamps of the discovery that they state they are associated with. For example, in the first call listed on page 9, they request the admission of certain statements between Munish Sood and Christian Dawkins from a phone call on June 20, 2017, which they list as SDNY_00004936-103-001; however, the call with that discovery designation (i.e., Session 103 from the wiretap of Dawkins's cell phone), is actually a call between Dawkins and Emmanuel Richardson, a/k/a "Book," the former University of Arizona assistant men's basketball coach, not a call between Sood and Dawkins.

3

803(3).[2]  To fit within the narrow limits of the then-existing state of mind hearsay exception, the evidence "'"must convey statements that 'face forward, rather than backward'" to prove that the declarant thereafter acted in accordance with those statements.  *United States v. Blake*, 195 F. Supp. 3d 605, 610 (S.D.N.Y. 2016) (quoting *United States v. DiMaria*, 727 F.2d 265, 271 (2d Cir. 1984)).[3]  By contrast, "'a statement of . . . belief [offered] to prove the fact . . . believed'" are not admissible under Fed. R. Evid. 803(3).  *United States v. Mazer*, 631 F. App'x 57, 64 (2d Cir. 2015) (citing *United States v. Ledford*, 443 F.3d 702, 709 (10th Cir. 2005)). [4]

      Thus, in order to be admissible under Rule 803(3), a statement must be (a) an expression of, and (b) contemporaneous with, the declarant's then-existing state of mind.  The requirement that the state-of-mind statement be contemporaneous with the declarant's then-existing mental state reduces the declarant's chance for reflection and, therefore, misrepresentation.  *See United States v. Cardascia*, 951 F.2d 474, 487-488 (2d Cir. 1991) ("[T]he reasons for the state of mind

---

[2] As the Advisory Committee Notes explain, this exclusion "is necessary to avoid the virtual destruction of the hearsay rule which would otherwise result from allowing state of mind, provable by a hearsay statement, to serve as the basis for an inference of the happening of the event which produced the state of mind." Advisory Committee Note to Paragraph (3); *see also* Mueller & Kirkpatrick, Federal Evidence, Vol. 4 § 440 (2d ed. 1994) ("If the exception contained no such limit, it might devour and destroy the hearsay doctrine [because] [v]irtually all statements that carry information about acts, events, or conditions can be characterized as statements of memory because they openly disclose the speaker's thoughts.").

[3] To the extent that the defendants also request the admission of statements of other individuals under Rule 803(3), it bears note that the rule permits "statements of intent by a declarant admissible only to prove his [the declarant's] future conduct, not the future conduct of another person." *United States v. Persico*, 645 F.3d 85, 100 (2d Cir. 2011) (quoting Fed. R. Evid. 803 Advisory Committee Note (1974)) (internal quotations omitted).

[4] For example, as the *Ledford* court explained: "Case law makes it clear that a witness may testify to a declarant saying 'I am scared,' but not 'I am scared because the defendant threatened me.' The first statement indicates an actual state of mind or condition, while the second statement expresses belief about why the declarant is frightened. The phrase 'because the defendant threatened me' is expressly outside the state-of-mind exception because the explanation for the fear expresses a *belief* different from the *state of* mind of being afraid." *United States v. Ledford*, 443 F.3d 702, 709 (10th Cir. 2005).

exception focus on the contemporaneity of the statement and the unlikelihood of deliberate or conscious misrepresentation."); *United States v. Farhane*, 634 F.3d 127, 171 (2d Cir. 2011) (Raggi, J., concurring) ("[T]he statement must evidence the declarant's 'then existing state of mind,' a circumstance presumed to reduce a declarant's chance for reflection and, therefore, misrepresentation." (emphasis in original)); *United States v. Naiden*, 424 F.3d 718, 722 (8th Cir. 2005); *United States v. Macey*, 8 F.3d 462, 467 (7th Cir. 1993). Further, to the extent the defendants attempt to request admission of statements of the declarants, they would only be admissible for the "'then existing state of mind,'" which might not be relevant to the defendants at issue prior to the statements. *See Cardascia*, 951 F.2d at 487–89 ("To admit statements of one's state of mind with regard to conduct that occurred eight months earlier as in this case would significantly erode the intended breadth of [the state-of-mind exception in Rule 803(3)].").

Even if a statement falls within Rule 803(3), "the fact that a statement falls within an exception to the hearsay rule does not mean that the statement is not to be classified as hearsay; nor does it mean that the statement is automatically admissible. It means simply that the statement—assuming that the criteria specified in the exception are met—is 'not excluded by the rule against hearsay.'" *Gupta*, 747 F.3d at 131 (quoting Fed. R. Evid. 803, 804(b)). "The court retains its normal discretion to exclude the evidence on other grounds such as lack of relevance, *see* Fed. R. Evid. 402, improper purpose, *see, e.g.*, Fed. R. Evid. 404, or undue prejudice, *see* Fed. R. Evid. 403." *Gupta*, 747 F.3d at 131 (internal quotation marks omitted).

B. Discussion

The defendants' motion is premature for several reasons. First, the defendants have not submitted the telephone calls or the transcripts of the calls for the Court's review, and a cursory review has already identified that the statements from the first call they seek to admit do not

align with the call as identified in the discovery.  Second, evidentiary determinations about whether a particular call falls under the "state of mind" exception to the hearsay rule are necessarily fact intensive.  Here, the defendants have cherry-picked excerpts from the calls without providing the Court with any context for the call, and have not even bothered to identify the text messages or emails that they supposedly want a ruling on.  Instead, the defendants simply identify a number of purported statements from the calls without any discussion about how or why the statement actually is either "not hearsay" or falls under the "state of mind" hearsay exception – which, as the law described above makes clear, is a narrow exception that requires a statement-by-statement admissibility analysis by the Court.  And, indeed, there is a critical distinction between whether a statement is either "not hearsay" or falls under a hearsay exception, since a non-hearsay statement is not offered for its truth, while a statement that falls under the exception is offered for the truth.

Furthermore, many of the statements that the defendants seek to offer appear, at first, blush, to include inadmissible hearsay.  For example:

- On call 2 (at page 9), the defendants propose to offer the statement from Dawkins that includes ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬."  This statement, recounting what UC-1 had purportedly told Dawkins in a prior conversation, is plainly inadmissible hearsay, and does not evidence Dawkins's state of mind.

- On call 4 (at page 10), which is a call between Dawkins and UC-1, the defendants propose to offer statements from UC-1 to Dawkins. These statements are not even statements of Dawkins, and thus plainly cannot evidence his state of mind.[5]

- On call 5 (at page 10), which is a call between Dawkins and Code, the defendants propose to offer a statement from Dawkins that includes "███████████ ███████████████████████████████████████████████ ████████." This statement, recounting what Dawkins purportedly told others in prior conversations, is inadmissible hearsay, and does not evidence his state of mind.

- On call 10 (at page 11-12), which is a call between Dawkins and Code, the defendants propose to offer the statement from Dawkins that "████████████████████ ████████████" This statement, recounting what others had supposedly told Dawkins in prior conversations, is similarly inadmissible hearsay, which does not evidence his state of mind.

- On call 11 (at page 12), which is a call between Code and Munish Sood, the defendants propose to offer the statement from Code ██████████████████████ ██████ and Sood's reply that ████████████████████████ These statements are plainly hearsay, and do not evidence Code's state of mind.[6]

---

[5] Moreover, UC-1's statements appear to be included solely for the purpose of putting forth an entrapment defense, which as discussed in the Government's omnibus motions *in limine* should be precluded.

[6] It is unclear whether the defendants are also attempting to offer this call as evidence of Sood's state of mind. However, the same hearsay analysis under Rule 803(3) would apply to the statement regardless of the proponent of the call (although the potential relevancy analysis might be different if that is their professed intent, since the defendants have not articulated how Sood's state of mind would be relevant to whether either trial defendant intended to bribe college coaches and/or conspired to bribe college coaches).

7

Nonetheless, the Government anticipates that it will offer portions of at least certain of the telephone calls the defendants seek to admit – which would be admissible as statements of a party opponent or as co-conspirator hearsay statements – in its case-in-chief.  This will likely mitigate the need for a ruling from the Court as to at least certain of the defendants' identified proposed calls.   The Government also has been in discussions with Dawkins's counsel about some of these calls, and is hopeful that the parties can resolve many of these issues without the need for court intervention.

Moreover, even if the parties cannot resolve these evidentiary disputes pre-trial, it would be premature for the Court to determine the admissibility of these calls without the defense submitting the actual calls for review by the Court, explaining the specific basis for the admission of each call, and a factual context for the admissibility of each call.  This will be necessary not only to determine whether the calls are relevant and hearsay or non-hearsay or fall under a hearsay objection, but also whether there might be another basis to exclude them under Rule 403, such as confusion of the issues.   And, as to the defendants' proposed text messages or emails that they seek to admit as "state of mind," it is plainly impossible for the Court to make an evidentiary determination about any of them– which they did not even discuss in substance in the motion – without the defendants' identifying any of those proposed exhibits or statements.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that a pre-trial admissibility determination of the defendants' proposed evidence is premature and not ripe for determination at this time.

>Respectfully submitted,
>
>GEOFFREY S. BERMAN
>United States Attorney
>
>
>By: _____/s/_____
>Robert L. Boone /Noah Solowiejczyk
>Eli J. Mark
>Assistant United States Attorneys
>(212) 637-2208/2473/2431