# NEXSEN PRUET

Mark C. Moore
Member

April 24, 2019

VIA ECF
The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Christian Dawkins and Merl Code*,
              No. S1 17 Cr. 684 (ER)

Dear Judge Ramos:

    Undersigned counsel respectfully submits this letter on behalf of Defendant Merl Code to move to preclude the Government from asking its witnesses to opine as to what Mr. Code "meant" by any of the statements contained in the Government's exhibits.

## PRELIMINARY STATEMENT

    The Government's direct examination of Louis Martin Blazer has developed a well-defined pattern over the last two days. The Government plays a portion of audio or video evidence for the jury, pauses the recording, then asks:

    QUESTION: "Mr. Blazer, what is your understanding of what Mr./Ms. [Witness/Defendant] meant when they said [comment]?"

    This line questioning is an inappropriate attempt to introduce argument under the guise of evidence. The questions unambiguously call for Mr. Blazer to give his personal opinion of how another witness's out-of-court statement should be interpreted by the jury. Mr. Blazer is a cooperating witness and not a true conspirator, so neither Mr. Blazer's state-of-mind with respect to the alleged conspiracy nor his personal interpretation of the evidence is relevant.

Charleston
Charlotte
**Columbia**
Greensboro
Greenville
Hilton Head
Myrtle Beach
Raleigh

1230 Main Street
Suite 700 (29201)
PO BOX 2426
Columbia, SC  29202
www.nexsenpruet.com

**T** 803.540.2146
**F** 803.727.1458
**E** MMoore@nexsenpruet.com
Nexsen Pruet, LLC
**Attorneys and Counselors at Law**

April 24, 2019
Page 2

For the reasons set forth below, Mr. Code particularly objects to this line of questioning insofar as the Government seeks to ask Mr. Blazer to opine as to what Mr. Code "meant" by any of the statements contained in the Government's exhibits. Moreover, Mr. Code seeks a categorical prohibition on any witness testifying as to what Mr. Code knew, believed, or intended at any point in time. The law does not permit the Government to use Mr. Blazer to testify on Mr. Code's behalf.

## **ARGUMENT**

Lay witnesses may testify as to their opinions so long as the testimony is "rationally based on the witness's perception," is "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The Second Circuit has held that lay opinion testimony must satisfy two prongs in order to be admissible: "first, the opinion evidence may be allowed only if the court finds that the opinion is rationally based on the witness's own perceptions; and second, it is to be allowed only if the court concludes that it will be helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992) (internal quotation marks omitted).

 "In layman's terms, Rule 701 means that a witness is only permitted to give her opinion or interpretation of an event when she has some personal knowledge of that incident." *United States v. Fulton*, 837 F.3d 281, 291 (3d Cir. 2016). Here, the Government appears ready to ask Mr. Blazer to interpret what Mr. Code "meant" by each statement contained in the Government's recording of June 20, 2017. However, Mr. Blazer does not know Mr. Code. Mr. Blazer met Mr. Code in a single business meeting and never spoke to him again. The testimony sought to be introduced by the Government is inadmissible in part because Mr. Blazer possesses inadequate personal knowledge upon which to base an opinion.

Additionally, Rule 701(b)'s helpfulness requirement mandates the exclusion of "testimony where the witness is ***no better suited than the jury*** to make the judgment at issue." *Fulton*, 837 F.3d at 293 (quoting *United States v. Meises*, 645 F.3d 5, 16 (1st Cir. 2011) (emphasis added). A witness's testimony may not "simply dress[] up argument as evidence." *Id.* (quoting *Meises*, 645 F.3d at 17). Testimony may be so characterized when a witness "infer[s] [the defendant's] roles not from any direct knowledge, but from the same circumstantial evidence that was before the jury— effectively ***usurping the jury's role*** as fact-finder." *Id.* (quoting *Meises*, 645 F.3d at 16) (emphasis added). "[W]here a case agent's testimony leaves the jury 'to trust that [the case agent] had some information – information unknown to them – that made him better situated to interpret the words used in the calls than they were,' when, in fact, he does not, such testimony is inadmissible under Rule 701(b)." *United States v. Jackson*, 849 F.3d 540, 554 (3d Cir. 2017) (quoting *United States v. Freeman*, 730 F.3d 590, 597 (6th Cir. 2013) (citing *United States v. Hampton*, 718 F.3d 978, 982–83 (D.C. Cir.

April 24, 2019
Page 3

2013); *see also Meises*, 645 F.3d at 16–17; *United States v. Johnson*, 617 F.3d 286, 292–93 (4th Cir. 2010); *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007); *United States v. Garcia*, 413 F.3d 201, 213–14 (2d Cir. 2005); *United States v. Grinage*, 390 F.3d 746, 750–51 (2d Cir. 2004)). After all, the role of the "prosecutor [is] to argue in summation" what inferences to draw from the evidence. *Id.* (quoting *Meises*, 645 F.3d at 17).

In *Jackson*, the Third Circuit further held that under Fed. R. Evid. 701(b)'s helpfulness requirement, "lay witnesses may provide opinions about their understandings of recorded conversations when '[t]o the uninitiated listener, [the speaker] speaks *as if he were using code*' and the witness's 'opinions are based upon his direct perception of the event, are not speculative, and are helpful to the determination' of a fact in the case if the 'trial court vigorously police[s] the government's examination of [the witness] to ***ensure that he [is] not asked to interpret relatively clear statements***.'" 849 F.3d at 553–54 (quoting *United States v. De Peri*, 778 F.2d 963, 977–78 (3d Cir. 1985) (emphasis added)). There, the Government's witness testified that the defendant's statement, "you can go ahead and send him" meant "it is okay now to send [a co-conspirator] to purchase cocaine in Dallas." *Jackson*, 849 F.3d at 554. Based on the rationale above, the Court concluded that the district court "erroneously permitted [the Government's witness] on several occasions to express his understanding of the meaning of clear conversations" and to provide "unhelpful argument under the guise of evidence." *Jackson*, 849 F.3d at 554.

Because Mr. Blazer does not know Mr. Code, he is in no better position to interpret the meaning of Mr. Code's statements than the jury. For that reason, Mr. Blazer's opinion as to what Mr. Code "meant" is unhelpful for the jury and thus inadmissible. Insofar as Mr. Blazer is allowed to interpret Mr. Code's statements with impunity, he has become a vehicle for introducing argument rather than evidence.

Finally, the Second Circuit has held that Fed. R. Evid. 701 does not permit a witness to opine as to another witness's knowledge. *Rea*, 958 F.2d at 1216 ("When the issue is a party's knowledge, which is perhaps a more easily fathomed state of mind than, for example, intent or motivation, we suspect that in most instances a proffered lay opinion will not meet the requirements of Rule 701."). Mr. Blazer has no basis for knowing what Mr. Code knew, believed, or intended during the timeframe at issue. If he is allowed to testify to those issues, it would be speculative, unhelpful to the jury, and improper under the law.

### REQUEST

Defendant Code respectfully requests that the Court preclude the Government from engaging in this line of questioning; or, in the alternative, significantly limit the Government's use of this type of questioning to specific circumstances, if any, that the Court believes is appropriate under Fed. R. Evid. 701. Resolution of this matter before

April 24, 2019
Page 4

the Government resumes with Mr. Blazer is in the interest of both parties and will reduce interruptions for the jury.

          Respectfully submitted,

          /s/

          Mark C. Moore,
          Andrew Mathias,
          Allen Chaney

cc:    Eli Mark, Esq. (via ECF)
       Noah Solowiejczyk, Esq. (via ECF)
       Robert Boone, Esq. (via ECF)