**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 24, 2019

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   United States v. Christian Dawkins and Merl Code, S1 17 Cr. 684 (ER)

Dear Judge Ramos:

The Government writes respectfully to oppose defendant Merl Code's request for a limiting instruction regarding co-conspirator hearsay statements that occurred before Code entered the conspiracy. By email, the defense requested the below limiting instruction:

> Merl Code is not alleged to have joined any of the conspiracies charged in this Indictment until on or about June 20, 2017. You have received many hours of testimony already that relates to conduct that is alleged to have occurred prior to that date, and so I want to instruct you as follows:
> A person who is alleged to have participated in a conspiracy cannot, under our law, be held liable for any conduct that occurred before his alleged agreement to join the conspiracy.
> Therefore, in considering whether the Government has met its burden of proof with respect to Mr. Code, you cannot consider any evidence relating to matters occurring before June 20, 2017.

This request misstates the law, as well as the Indictment,[1] and should be rejected by the Court.

Rule 801 (d)(2)(E) provides that a statement is not hearsay if the statement is offered against the defendant and "was made by the party's co-conspirator during and in furtherance of the conspiracy." Thus, "[i]n order to admit a statement under this Rule, the court must find (a) that there was a conspiracy, (b) that its members included the declarant and the party against

---

[1] The Indictment does not allege a specific date that Code joined the conspiracy, and it will be the role of the jury as fact-finders to determine when, if at all, Code joined the conspiracy.

whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy." *United States v. Maldonado–Rivera*, 922 F.2d 934, 958 (2d Cir.1990), *cert. denied*, 501 U.S. 1233, 111 S.Ct. 2858, 115 L.Ed.2d 1026 (1991). As long as the "coconspirator statement was in furtherance of the conspiracy, there is no requirement that it have been in furtherance of the interests of the defendant himself or of any particular conspirator." *United States v. Gupta*, 747 F.3d 111, 124 (2d Cir. 2014).

It is black letter law that acts and statements by co-conspirators prior to a defendant joining the conspiracy are admissible against a defendant who later joins the conspiracy. As the Supreme Court explained more than seventy years ago: "With the conspiracy thus fully established, the declarations and acts of the various members, even though made or done prior to the adherence of some to the conspiracy become admissible against all as declarations or acts of co-conspirators in aid of the conspiracy." *United States v. United States Gypsum Co.*, 333 U.S. 364, 393 (1948). *See also United States v. Badalamenti*, 794 F.2d 821, 828 (2d Cir. 1986) (same). Indeed, the "rule is clear that one who joins an existing conspiracy takes it as it is, and is therefore held accountable for the prior conduct of co-conspirators." *United States v. Sansone*, 231 F.2d 887, 893 (2d Cir. 1956).

Although, as we understand it, the defense plans to request a multiple conspiracy charge, the Indictment alleged a single conspiracy, which encompassed Dawkins, Code, and the coaches as co-conspirators, and there has been ample evidence Code joined this conspiracy. While the Government believes that the evidence will continue to render a multiple conspiracy charge unwarranted, the defendants can request that the Court revisit the proposed limiting instruction in the event such a charge is given.

For these reasons, the evidence at issue today appropriately is admissible against defendant Merl Code, and no limiting instruction is appropriate.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Robert L. Boone/Noah Solowiejczyk
Eli J. Mark
Assistant United States Attorneys
(212) 637-2208/2473/2431

cc: Defense counsel (by ECF)