NEXSEN|PRUET

**Mark C. Moore**
Member

April 28, 2019

VIA ECF
The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

> Re:    *United States v. Christian Dawkins and Merl Code*,
>         No. S1 17 Cr. 684 (ER)

Charleston

Charlotte

**Columbia**

Greensboro

Greenville

Hilton Head

Myrtle Beach

Raleigh

Dear Judge Ramos:

Undersigned counsel respectfully submits this letter on behalf of Defendant Merl Code and requests permission to admit evidence of certain out-of-court statements made by him in the weeks leading up to July 27-29, 2017. Mr. Code asserts that his statement, "Do not accept money from these people," is not an assertion and therefore is not hearsay. Mr. Code further asserts that other statements he made to Blondell Tutwiler and Warren Broughton are admissible pursuant to Fed. R. Evid. 803(3), the state of mind exception to hearsay. Each proposed statement is probative of Mr. Code's intent in this case and relevant to rebut the Government's allegation that he was participating in a conspiracy to bribe college coaches. In support of Mr. Code's request, undersigned counsel writes as follows:

## PRELIMINARY STATEMENT

Merl Code seeks to admit evidence that he repeatedly told individuals in the weeks immediately preceding July 27-29, 2017, "***Do not accept money from these people***." Mr. Code asserts that circumstantial evidence supports a reasonable inference that the statements were made to assistant college basketball coaches in advance of Loyd Management's July 27-29, 2017, meetings in Las Vegas, Nevada.

1230 Main Street
Suite 700 (29201)
PO BOX 2426
Columbia, SC  29202
www.nexsenpruet.com

**T** 803.540.2146
**F** 803.727.1458
**E** MMoore@nexsenpruet.com
Nexsen Pruet, LLC
**Attorneys and Counselors at Law**

April 28, 2019
Page 2

Mr. Code also seeks to introduce the statements he made to Mr. Broughton, which explain why he was calling assistant basketball coaches and also explain the details of his consulting arrangement with Loyd Management.

Mr. Code believes that this evidence is admissible to prove his state of mind at the time of the statements, and to demonstrate that he engaged in conduct that is directly contradictory to the alleged criminal agreement to bribe assistant college basketball coaches. Mr. Code asserts that his statement, "Do not accept any money from these people," is not hearsay because the relevance of the statement arises from the fact of its utterance, and does not depend upon the truth of any assertion made within it. Mr. Code further asserts that the statements he made to Mr. Broughton are admissible as state-of-mind exceptions to hearsay pursuant to Fed. R. Evid. 803(3).

## OFFER OF PROOF

Mr. Code proposes to offer the testimony of two witnesses, Blondell Tutwiler and Warren Broughton, each of whom will testify that they overheard four to six telephone calls during which Mr. Code explicitly instructed individuals, "***Do not accept money from these people.***" Mr. Broughton also overheard Mr. Code communicating specific times and room numbers to the individuals on the telephone. Both witnesses observed Mr. Code speaking on a cell phone and clearly perceived his statements. Both witnesses will testify that Mr. Code's statements "stuck out" to them because he appeared to be having the same conversation multiple times.

Mr. Broughton will also testify that after he witnessed Mr. Code's telephone calls, Mr. Code explained that he was getting paid a consulting fee for facilitating introductions between college coaches and a sports management group in Las Vegas. Mr. Code also told Mr. Broughton that the telephone calls Mr. Broughton overheard were with the coaches in Las Vegas.

Ms. Tutwiler will testify that she asked Mr. Code who he was talking to, and that Mr. Code told her that he was arranging meetings for certain assistant basketball coaches.

## ARGUMENT

Unless otherwise prohibited, "[r]elevant evidence is admissible[.]" Fed. R. Evid. 402. The "definition of relevance under [Federal Rule of Evidence] 401 is very broad" and encompasses evidence that has "any tendency to make a material fact more or less probable than it would be otherwise." *United States v. Certified Envtl. Services, Inc.*, 753 F.3d 72, 90 (2d Cir. 2014). The admissibility of exculpatory evidence has a constitutional dimension when offered by the accused, as the Constitution "guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes v. South Carolina*, 547 U.S. 319, 319, 126 S. Ct. 1727, 1728 (2006) (citing *Crane v.*

April 28, 2019
Page 3

*Kentucky*, 476 U.S. 683, 690, 106 S. Ct. 2142 (1986); *but see United States v. Scheffer*, 523 U.S. 303, 308 (1998) ("A defendant's right to present relevant evidence is not unlimited[.]").

There is no reasonable argument against the relevance of these witnesses' proposed testimony. The fact that Mr. Code repeatedly told individuals ***not*** to accept money in advance of the July 27-28, 2017 Las Vegas coaches meetings, is clearly probative of Mr. Code's innocence in this matter. The evidence is probative of Mr. Code's state of mind, of whether he had specific intent to bribe coaches or defraud universities, and of whether he joined an agreement to accomplish the same. Furthermore, Mr. Code's statements to Mr. Broughton (that he was being paid for facilitating introductions, not payments) is evidence of Mr. Code's state of mind with respect to what agreement, if any, existed between himself and his alleged co-conspirators.

## A. "Do Not Accept Money From These People" is an Admissible Non-Hearsay Statement.

Evidence of Mr. Code's out-of-court statements is not precluded by Fed. R. Evid. 802 because the statements will not be introduced to prove the truth of an assertion. *Dutton v. Evans*, 400 U.S. 74, 88, 91 S. Ct. 210, 219 (1970) ("The hearsay rule does not prevent a witness from testifying as to what he has heard; it is rather a restriction on the proof of fact through extrajudicial statements."); *see also United States v. Cameron v. Cmty. Aid for Retarded Children*, 335 F.3d 60, 65, n.2 (2d Cir. 2003) (Federal Rule of Evidence 801(c) allows for the admission of statements that are not being used to prove the truth of the matter asserted, but rather are being used to establish the state of mind of a declarant). The term "statement," for hearsay purposes, only includes out-of-court "assertions." *See* Fed. R. Evid 801(a). An "assertion" is a "declaration or allegation." Black's Law Dictionary (10th ed. 2014). Mr. Code's statement, "Do not accept money from these people," does not declare or allege anything. It cannot be interpreted as true or false because is not an assertion; it is an order. Indeed, the Second Circuit has repeatedly held that "[*q*]*uestions and orders are ordinarily not hearsay* because they are not offered for the truth of the matter asserted[.]" *United States v. Kuthuru*, 665 F. App'x 34, 38 (2d Cir. 2016) (emphasis added); *see also United States v. Bellomo*, 176 F.3d 580, 586 (2d Cir. 1999) ("Statements offered as evidence of commands . . . directed to the witness . . . are not hearsay."); *United States v. Oguns*, 921 F.2d 442, 449 (2d Cir. 1990) ("[T]he court admitted this question not as a co-conspirator statement, but as non-hearsay circumstantial evidence of Oguns' knowledge and intent.").

The fact that Mr. Code directed coaches not to accept money is probative of Mr. Code's lack of intent to bribe coaches or to defraud universities, and to refute that he joined an agreement to do the same. It is the fact ***the statement was made***, not any fact

April 28, 2019
Page 4

***asserted by*** the statement, that is relevant in this case. As such, the statement is not hearsay.

> **B.      Mr. Code's Explanation of Why He Was Directing Coaches to Las Vegas is Admissible Pursuant to Fed. R. Evid 803(3), the "State-of-Mind" Exception to Hearsay.**

The statements Mr. Code made to Mr. Broughton explaining his then-existing consulting agreement are admissible pursuant to the well-established "state-of-mind" exception to the rule against hearsay. *See* Fed. R. Evid. 803(3) (Statements that show the declarant's then-existing state of mind (such as motive, intent, or plan) are admissible); *but see United States v. Southland Corp.*, 760 F.2d 1366, 1376 (2d Cir. 1985) ("When a declaration is admitted only to prove a relevant state of mind, it does not appear to matter . . . whether admissibility is predicated on the declaration not being hearsay because it was not offered to prove the truth of the matter asserted, FRE 801(c), or under the hearsay exception for declaration of states of mind, FRE 803(3)."). The Second Circuit has repeatedly upheld criminal defendants' ability to admit their own out-of-court statements under Fed. R. Evid. 803(3), so long the statements are probative of their then-existing state of mind. *See, e.g.*, *United States v. DiMaria*, 727 F.2d 265 (2d Cir. 1984) (defendant's statement, "I only came here to get some cigarettes real cheap," was admissible to show his then-existing state of mind and to negate the Government's allegation that DiMaria was there to buy stolen goods); *see also United States v. Harris*, 733 F.2d 994, 1004 (2d Cir. 1984) (defendant's statement to his parole officer regarding a drug sale was admissible as circumstantial evidence of defendant's state of mind); *Smith v. Duncan*, 411 F.3d 340, 346 n.4 (2d Cir. 2005) (recording of defendant's 9-1-1 call following shooting would have been admissible to show his state of mind—*i.e.*, that he believed gang members were coming to attack him and that he thus acted in self-defense—but the argument was neither raised at trial nor on appeal); *United States v. Detrich*, 865 F.2d 17 (2d Cir. 1988) (hearsay statement establishing evidence of defendant's mind was admissible to negate intent to smuggle heroin).

As demonstrated by the cases cited above, Fed. R. Evid. 803(3) permits Mr. Code to present to the jury evidence of his contemporaneous understanding of his business relationship with Loyd Management, specifically with regard to his intent and plan for arranging introductions to coaches in Las Vegas. *United States v. Cardascia*, 951 F.2d 474, 487 (2d Cir. 1991) (holding that statement must reflect a contemporaneous state of mind) (citing *United States v. Jackson*, 780 F.2d 1305, 1315 (7th Cir.1986)). The truth of the matter asserted, *i.e.* the true nature of Mr. Code's agreement or arrangement, is not the relevant issue. The relevant issue for the jury is what Mr. Code believed his arrangement was during the last weeks of July, 2017. To the degree that Mr. Code's statements to Mr. Broughton are probative of that issue, those statements are admissible.

April 28, 2019
Page 5

     Finally, even clearly self-serving state-of-mind statements are admissible under Fed. R. Evid. 803(3). As the Second Circuit has held, "the likelihood that the declarant is misrepresenting his state of mind ***is not an additional qualification*** to the admissibility of state of mind hearsay statements." *Cardascia*, 951 F.2d at 488 (emphasis added) (citing *Harris*, 733 F.2d at 1005); *see also DiMaria*, 727 F.2d at 272 ("If a declaration comes within a category defined as a [hearsay] exception, the declaration is admissible without any preliminary credibility finding by the judge."). Rather than a question for the Court, the self-serving nature of a statement is only to be considered "when the jury weighs the evidence at the conclusion of the trial." *Id.*

### **REQUEST**

     Mr. Code respectfully requests that the Court grant him permission to introduce the evidence explained herein. Mr. Code makes this request pursuant to his right to present a complete defense under the Sixth and Fourteenth Amendments to the United States Constitution.

Respectfully submitted,

/s/

Allen Chaney,
Mark C. Moore,
Andrew Mathias.

cc:    Eli Mark, Esq. (via ECF)
       Noah Solowiejczyk, Esq. (via ECF)
       Robert Boone, Esq. (via ECF)