

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 30, 2019

**BY ECF and EMAIL**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *United States v. Dawkins and Code,*
              No. S1 17 Cr. 684 (ER)

Dear Judge Ramos:

      The Government respectfully writes in response to defendant Code's request to "admit evidence of certain out-of-court statements made by him in the weeks leading up to July 27-29, 2017."  (Dkt. 226).  In particular, he seeks to admit the following:

(1) Testimony from Blondell Tutwiler and Warren Broughton that they "overheard four to six telephone calls during which Mr. Code explicitly instructed individuals, 'Do not accept money from these people.'" (*Id.* at 2).
(2) Testimony from Broughton that after the calls, "Mr. Code explained that he was getting paid a consulting fee for facilitating introductions between college coaches and a sports management group in Las Vegas," and that "Mr. Code also told Mr. Broughton that the telephone calls Mr. Broughton overheard were with coaches in Las Vegas." (*Id.*).
(3) Testimony from Tutwiler that "she asked Mr. Code who he was talking to, and that Mr. Code told her that he was arranging meetings for certain assistant basketball coaches." (*Id.*).

      The Government submits that this proffered testimony should be deemed inadmissible in its entirety.

      Starting with the second and third categories – the witnesses' testimony about Code's purported explanation of his business relationship with Dawkins among others and description of the phone calls he had just made – those statements are unquestionably being offered for the truth and as such are inadmissible hearsay.  The defendant's suggestion that these statements come in pursuant to the narrow exception for statements of a then-existing state of mind, *see* Fed. R. Evid. 803(3), is misplaced because as the Court is aware, for statements to meet the exception, the testimony "must convey *statements that 'face forward, rather than backward*'" to prove that

the declarant thereafter acted in accordance with those statements. *See United States v. Blake*, 195 F. Supp. 3d 605, 610 (S.D.N.Y. 2016) (emphasis supplied) (quoting *United States v. DiMaria*, 727 F.2d 265, 271 (2d Cir. 1984)). As this Court has similarly recognized in earlier rulings, "'a statement of . . . belief [offered] to prove the fact . . . believed'" are not admissible under Fed. R. Evid. 803(3). *United States v. Mazer*, 631 F. App'x 57, 64 (2d Cir. 2015) (citing *United States v. Ledford*, 443 F.3d 702, 709 (10th Cir. 2005)).

Here, the statements in the second and third categories above do not fall within the narrow exception because they do not face forward – to the contrary, they are entirely backward looking explanations of (1) Code's relationship with Dawkins, Sood and the two UCs, and (2) phone conversations Code has *already had*. Critically, they are not being offered to show the declarant, Code, acted in conformity with these statements going forward. As such, they cannot meet the requirements of Rule 803(3).

As to the first category, which the defendant suggests contains statements that are orders, the Government does not dispute that in the ordinary course instructions or "'orders are ordinarily not hearsay,'" (Dkt. 226 at 3). However, here, the witnesses did not themselves receive the orders or instructions. They overheard them as part of one side of a series of telephone conversations, conversations to which the witnesses were not parties. Moreover, the orders or instructions here are meaningless unless accompanied by the inadmissible hearsay that follows – *i.e.*, Code's after-the-fact explanations of to whom the instructions were provided and the reason for providing those instructions.

Put differently, while the Government would not dispute the general proposition that an order or instruction is not hearsay, here, the defendants seek to use that exception to put in not simply an order but the defendant's unsworn, uncrossed explanation and characterization of a series of calls he claims to have had with unspecified coaches. *See Mazer*, 631 F. App'x at 64 (affirming preclusion of testimony where defendant improperly attempted to "shoehorn" testimony into the state of mind exception, when in fact it was being offered, not to prove any belief then held, but to establish a non-criminal nature of a prior business relationship.) Not only does this run afoul of the hearsay rule, but it also risks the sort of undue prejudice Rule 403 authorizes the Court to guard against. In this respect, the Government notes not simply the prejudice to the Government, which will have no opportunity to cross-examine Code as to these purported phone calls with unspecified coaches, but also juror confusion, given that the jury will be given no additional information as to which coaches Code was speaking with, what precisely the statements were in reference to, or what else was said on these purported calls.[1]

.

---

[1] In this respect, the Government notes that its evidence has included numerous conversations in which Code, in substance, told co-conspirators that they should pay some coaches but not others, and similarly conversations in which he discussed how some coaches should be paid, specifically, whether they should be paid only when they needed assistance with a particular player in the future. As such, the details surrounding a purported statement such as "don't take money from these people," which is lacking here, would thus be of vital importance to understanding its significance to the charged conduct.

Page 3

For the foregoing reasons, the proffered testimony the defendants seek to admit should be excluded.

                                              Respectfully submitted,

                                              GEOFFREY S. BERMAN
                                              United States Attorney

By:    \_\_\_/s/_____
           Robert L. Boone/Noah Solowiejczyk
           Eli J. Mark
           Assistant United States Attorneys
           (212) 637-2208/2473/2431

cc:    Defense Counsel (by email)