*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

February 25, 2020

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: United States v. Evans et al., 17 Cr. 684 (ER)

Dear Judge Ramos:

  The Government writes in response to the letter filed by defendant Christian Dawkins on February 19, 2020, regarding the return of two of his cellphones. On September 24, 2017, a black iPhone bearing IMEI No. 355342084448221, and a white iPhone bearing IMEI No. 355311085816298, were seized by law enforcement incident to Dawkins's arrest. The Government subsequently obtained search warrants for both phones, which this Court previously upheld against challenge. As discussed below, the defendant's request that those phones be immediately returned to him should be denied.

  The Government should be permitted to continue to possess Dawkins's cellphones as they are lawfully obtained evidence that could be used against him in a potential retrial. As the Court is likely aware, the Government's case in both the instant matter and in *United States* v. *Gatto* relied, in part, on text messages and related content sent or received from at least one of Dawkins's cellphones. (*See Evans,* Gov. Exs. 1619-1633; *see Gatto*, Gov. Exs. 102A-102T, and 115A). Dawkins's convictions in both *Evans* and *Gatto* are currently on appeal in the Second Circuit, and in both cases, Dawkins has sought and obtained permission to remain out on bail pending appeal given what he contends are "substantial question[s]" of law and fact that are likely to result in reversal and/or a new trial. *See* 18 U.S.C. § 3143(b)(1)(B)(i)-(ii). Should the Circuit agree and determine that a retrial is necessary in either *Evans* or *Gatto*, Dawkins's cellphones would serve as trial evidence. The fact that information from Dawkins's phones has been extracted does not nullify the evidentiary value of the phones themselves. At a minimum, the Government will need the physical phones to prove chain of custody and to link any phone extraction to the relevant cellphone.

  Accordingly, Dawkins's request that his cellphones be returned to him prior to the

resolution of his trial convictions should be denied.

                                      Respectfully submitted,

                                      GEOFFREY S. BERMAN
                                      United States Attorney

By:    */s/ Robert L. Boone*

                                      Robert L. Boone
                                      Noah Solowiejczyk
                                      Eli J. Mark
                                      Assistant United States Attorneys
                                      (212) 637-2208/2473/2431

cc: Defense counsel (by ECF)